IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| M.P.J., | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 21-CV-148 (TQL) |
| Commissioner of Social Security, | : |
| Defendant. | : |

# ORDER

Plaintiff filed this Social Security appeal on November 5, 2021 challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff filed an application for disability insurance benefits on October 29, 2019, alleging disability since September 9, 2019. (T-193-194). Her claim was denied initially and upon reconsideration. (T-69, 108-120). A hearing was held before an ALJ in February, 2021. (T-27-44). In a hearing decision dated April 1, 2021, the ALJ determined that Plaintiff was not disabled. (T-9-26). The Appeals Council denied Plaintiff's request for review. (T-2-7).

*Statement of Facts and Evidence*

Plaintiff, born on December 3, 1959, was 61 years of age at the time of the ALJ's decision. (T-228). Plaintiff alleges disability since September 9, 2019, due to asthma, diabetes, peripheral neuropathy, heart problems, high blood pressure, anxiety disorder, depression, carpal tunnel, tachycardia, and high cholesterol. (T-228, 232). Plaintiff attended college, and has past relevant work experience as a medical assistant/lab tech and sales associate/optometrist tech. (T-233, 234). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of diabetes

mellitus, obesity, hypertension, degenerative disc disease of the lumbar spine, neuropathy, and asthma. (T-15). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at the light exertional level with certain limitations. (T-16-17). The ALJ determined that Plaintiff could return to her past relevant work as a medial assistant and cashier checker and thus was not disabled. (T-20).

## DISCUSSION

Plaintiff contends that the ALJ's determination that she could return to her past relevant work is not supported by substantial evidence, in that the ALJ failed to assess the medical source statement of Dr. William Choisser, and failed to perform a permissible assessment of Plaintiff's mental limitation.

As Plaintiff's claim for benefits was filed after March 27, 2017, new regulations apply to the consideration of medical opinions pertaining to his claim. *See* 20 C.F.R. § 416.920c.

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.

*Matos v. Commissioner of Social Security*, 2022 WL 97144, *4 (11th Cir. 2022).

***Non-treating physician's opinion***

Dr. William Choisser performed a consultative examination on Plaintiff on July 24, 2020. (T-

746-50). After reciting a history of Plaintiff's conditions and performing a physical examination, Dr. Choisser concluded that Plaintiff suffered from chronic low back pain with a history of disc disease, adult onset diabetes with peripheral neuropathy, hypertension, chronic asthma, and chronic depression and anxiety. (T-747). Dr. Choisser found that Plaintiff

> has very limited cervical rotation of only 30° in either direction. Cervical extension is limited to 10° . . . Her gait is wide based. She cannot walk heel to toe without losing her balance. She is very unsteady on Romberg exam but does not fall. Her back flexes 50° before she has too much stiffness and pain in the low lumbar area. Her squat is limited to one third the distance to the floor.

(T-746-747).

The ALJ noted Dr. Choisser's findings that Plaintiff "had limited cervical range of motion, limited flexion of her hips due to back pain, diminished ability to squat, and wide based gait without ability to walk on her heels or toes without losing her balance". (T-18). The ALJ did not indicate that he had fully assessed Dr. Choisser's findings, or how much weight he assigned these findings. (T-19).

Pursuant to 404.1520c(a),

> [w]hen a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.

20 C.F.R. § 404.1520c(a). A "medical opinion" is defined in the regulations as:

> A statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in . . . [y]our ability to perform

> physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . .; [y]our ability to perform mental demands of work activities . . .; [y]our ability to perform other demands of work, such as seeing, hearing, or using other senses; and [y]our ability to adapt to environmental conditions.

20 C.F.R. § 404.1513(a)(2).

In contrast, "[o]ther medical evidence" is defined as:

> evidence from a medical source . . . including judgments about the nature and severity of [claimant's] impairments, [her] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis.

20 C.F.R. § 404.1513(a)(3).

Although Dr. Choisser did make findings as to the nature of Plaintiff's impairments and noted clinical findings and Plaintiff's medical history, he did not provide a statement as to what Plaintiff could still do despite her impairments, and did not specifically issue functional limitations. As such, the ALJ was not required to specifically examine Dr. Choisser's findings in regard to their supportability and consistency. *James W. v. Commissioner, Social Security Administration,* 2022 WL 17078899 (N.D.Ga. 2022) (noting that "other medical evidence" does not equal a "medical opinion" that requires comment or consideration by the ALJ). "[T]he applicable regulations do not broadly define a medical opinion as a performance of 'tests' and 'recommendations', but as a specific statement about what the claimant 'can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions in [certain specified abilities]". *Dibella v. Commissioner of Social Security*, 2022 WL 5082287, *4 (E.D.Mich. 2022); *see also Shank v. Saul,* 2021 WL 2767063, *10 (S.D.W.Va. 2021) (noting that the revised regulations do not require ALJ to assign weight to any evidence, and only require evaluation of persuasiveness of

5

medical opinions and prior administrative findings, as opposed to clinical examination findings and diagnoses).

*Mental limitation*

Plaintiff further asserts that the ALJ erred in failing to incorporate any mental limitations into his RFC finding, despite finding that Plaintiff suffers from adjustment disorder with depression. The Commissioner asserts that Plaintiff failed to establish that she suffers from a severe mental impairment that caused limitations on her ability to work.

After noting Plaintiff's "medically determinable mental impairment of adjustment disorder with depression", the ALJ found that the impairment, "considered singly and in combination, does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (T-15). The ALJ then set out his consideration of Plaintiff's mental impairment under the four (4) broad functional areas of mental functioning, as set out in the regulations. (T-15-16). The ALJ found that Plaintiff suffered from mild limitation in understanding, remembering, or applying information, no limitation of functioning in interacting with others, no limitation of functioning in concentrating, persisting, or maintaining pace, and no limitation in adapting or managing oneself. *Id.* The ALJ specifically noted that the identified limitations "are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." (T-16).

In determining Plaintiff's RFC, the ALJ noted that DDS physicians had assessed mild limitations in understanding, remembering, applying information and concentration, persistence, and pace, but the ALJ determined that "there is nothing in the evidence to support limitations with

concentration, persistence, or pace" and that "claimant has no significant abnormal findings on examination despite her physical impairments". (T-20).

Contrary to Plaintiff's assertions, the ALJ addressed her mental impairment in detail, both at Step 2 and Step 4, and his finding that there was no evidence to support mental limitations in her RFC is supported by substantial evidence. Moreover, the Plaintiff has not satisfied her burden of establishing that her mental condition qualifies as a severe impairment in that it limits her ability to perform work activity.  In *McCruter v. Bowen*, 791 F.2d 1544 (11th Cir. 1986), the Eleventh Circuit clarified that "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id.* at 1547.

To the extent that Plaintiff contends that the finding of more severe impairments would have resulted in a more restrictive residual functional capacity assessment, the ALJ considered the alleged effects of Plaintiff's mental impairment in determining her residual functional capacity, and noted that Plaintiff's mental status findings were normal on repeated examinations.  (T-15-16). The ALJ's RFC determination is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his limitations." *Lewis,* 125 F.3d at 1440. The ALJ discussed the medical evidence as it related to Plaintiff's ability to perform substantial gainful activity, and properly considered all of the record evidence, detailing how the record evidence supported the RFC finding and contrasted with Plaintiff's subjective complaints. (T-17-20); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (ALJ must consider all of the record evidence in making a RFC determination). "[I]t was Plaintiff's burden to establish the existence of a disability . . . and it was likewise her responsibility to produce evidence in support of her claim." *Brandy W. v. Kijakazi,* 2022

Case 7:21-cv-00148-TQL   Document 21   Filed 02/24/23   Page 8 of 8

WL 444062, *15 (N.D.Ga. 2022).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 24th day of February, 2023.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**

8